UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FOREVER YOUNG ANTI-AGING &
WEIGHT LOSS CENTER LLC,
a Wisconsin limited liability company
12868 W. Bluemound Road,
Elm Grove, Wisconsin 53122

                              Plaintiff,

    v.                                              Case No. _____

4EVER MARKETING AND IP LLC,
a Delaware limited liability company,
5458 Town Center Road, Suite 19,
Boca Raton, Florida 33486        Defendant,

    and

4EVER FRANCHISOR LLC,
a Delaware limited liability company,
5458 Town Center Road, Suite 19,
Boca Raton, Florida 33486        Defendant,

    and

DUYWASHMAN LLC, a Florida limited
liability company
5458 Town Center Road, Suite #19,
Boca Raton, Florida 33486        Defendant,

    and

GULU & WASH, LLC,
a Florida limited liability company
4331 N Federal Highway
Suite 100
Fort Lauderdale, Florida 33308        Defendant.

## COMPLAINT

Forever Young Anti-Aging & Weight Loss Center, LLC. ("Forever Young"), by and through its attorneys, Reinhart Boerner Van Deuren, s.c., for its complaint against 4Ever Marketing and IP LLC ("4Ever Marketing and IP"), 4Ever Franchisor LLC ("4Ever Franchisor"), Duywashman LLC ("Duywashman"), and Gulu & Wash, LLC ("Gulu & Wash") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for unfair competition and trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and common law unfair competition.

### THE PARTIES

2. Plaintiff Forever Young is a Wisconsin limited liability company with its principal place of business at 12868 W. Bluemound Road, Elm Grove, Wisconsin 53122.

3. Defendant 4Ever Marketing and IP is a Delaware limited liability company with its principal place of business at 5458 Town Center Road, Suite 19, Boca Raton, Florida 33486.

4. Defendant 4Ever Franchisor LLC is a Delaware limited liability company with its principal place of business at 5458 Town Center Road, Suite 19, Boca Raton, Florida 33486.

5. Defendant Duywashman is a Florida limited liability company with its principal place of business at 5458 Town Center Road, Suite 19, Boca Raton, Florida 33486.

6. Defendant Gulu & Wash is a Florida limited liability company with its principal place of business at 4331 N Federal Highway, Suite 100, Fort Lauderdale, Florida 33308.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) and (b), and 15 U.S.C. § 1121 because it involves an action arising under the federal Lanham Act, and this Court also has supplemental jurisdiction under 28 U.S.C. § 1367 as to Plaintiff's related common law claim.

8. This Court has personal jurisdiction over 4Ever Marketing and IP because it has purposefully directed its activities at this forum through the use of its infringing marks and logo in connection with the establishment and promotion of 4Ever Young locations in Brookfield, Hartland, and Menomonee Falls, Wisconsin, which are located in the Eastern District of Wisconsin, Milwaukee Division.

9. This Court has personal jurisdiction over 4Ever Franchisor because 4Ever Franchisor has purposely availed itself of the privilege of conducting business in this forum by registering as a franchise with the Wisconsin Department of Financial Institutions and directing and promoting the establishment of forthcoming 4Ever Young locations in Brookfield, Hartland, and Menomonee Falls, Wisconsin, which are located in the Eastern District of Wisconsin, Milwaukee Division.

10. This Court has personal jurisdiction over Duywashman because Duywashman has purposely directed its activities at this forum in operating the 4Ever Young website to specifically promote and solicit customers for the forthcoming 4Ever Young locations in Brookfield, Hartland, and Menomonee Falls, Wisconsin, which are located in the Eastern District of Wisconsin, Milwaukee Division.

11. This Court has personal jurisdiction over Gulu & Wash because Gulu & Wash has purposely directed its activities at this forum in operating the 4Ever Young website to specifically promote and solicit customers for the forthcoming 4Ever Young locations in

Brookfield, Hartland, and Menomonee Falls, Wisconsin, which are located in the Eastern District of Wisconsin, Milwaukee Division.

12. In addition to having sufficient "minimum contacts" under due process, the conduct giving rise to Plaintiff's claims in this action satisfies Wis. Stat. §§ 801.05(1)(d) and 801.05(3) of the Wisconsin long-arm statute.

13. Venue lies in the Eastern District of Wisconsin, Milwaukee Division pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to the claim occurred in this District, and a substantial part of the property that is the subject of the action is situated in the Eastern District of Wisconsin, Milwaukee Division.

## BACKGROUND ON FOREVER YOUNG AND ITS MARKS

14. The Plaintiff does business as Forever Young Anti-Aging and Weight Loss Center, and provides a wide range of medical, aesthetic, and weight loss programs and services, including, but not limited to, laser hair removal, microneedling, laser treatments, intense pulsed light treatments, non-invasive face, jawline, and neck procedures, injectables, including neurotoxins and filler, body contouring and remodeling treatments, fat reduction treatments, hormone replacement therapies, injectable poly-L-lactic acid (PLLA) treatments, weight loss consultations, and semaglutide and tirzepatide treatments (the "Forever Young Services").

15. Plaintiff uses FOREVER YOUNG as a trademark in connection with its Forever Young Services.

16. Plaintiff began using FOREVER YOUNG as a trademark in connection with its Forever Young Services throughout Southeast Wisconsin and Northern Illinois (the "Plaintiff's Market") at least as early as 2011.

17. Plaintiff has continuously used the FOREVER YOUNG trademark in commerce in Plaintiff's Market since at least as early as 2011.

18. Since 2011, Plaintiff has expended substantial resources to advertise and promote its business and the FOREVER YOUNG trademark throughout Plaintiff's Market in connection with the Forever Young Services.

19. Plaintiff's FOREVER YOUNG trademark is inherently distinctive.

20. Plaintiff's FOREVER YOUNG trademark is distinctive to the consuming public.

21. As a result of widespread and substantially continuous and exclusive use of the FOREVER YOUNG trademark in Plaintiff's Market in connection with the Forever Young Services and Plaintiff as their source, Plaintiff has developed substantial goodwill and owns common law rights to the FOREVER YOUNG trademark in in connection with Forever Young's Services in Plaintiff's market.

22. The FOREVER YOUNG trademark is understood by consumers in Plaintiff's Market to be related to Plaintiff's business and its services. Consumers distinguish Plaintiff's business and its services and products through the FOREVER YOUNG trademark, and they have come to rely upon that trademark to signify treatments, programs, and services that are of high value and quality.

**DEFENDANTS AND THEIR INFRINGEMENT**

23. Upon information and belief, the Defendants 4Ever Marketing and IP, 4Ever Franchisor, Duywashman, and Gulu & Wash share common ownership and control and collectively do business as "4Ever Young."

24. According to the 4Ever Young Website, which is accessible at www.4everyoungantiaging.com (the "4Ever Young Website"), 4Ever Young provides services at its locations that include injection services to treat skin concerns, wrinkles and fine lines, microneedling, chemical peels, acne and acne scarring treatment services, double chin treatment

5

services, lip enhancement services, hyperpigmentation services, skincare services, including dermaplaning and facials, hormone replacement therapy, weight loss and medical weight loss services, and vitamin infusions and injections (the "4Ever Young Services").

25. The Terms of Service and Privacy Policy on the 4Ever Young Website identify Duywashman and Gulu & Wash, doing business as 4Ever Young, as the owners and operators of the 4Ever Young Website.

26. Upon information and belief, 4Ever Franchisor operates as a franchisor, offering and selling franchises to franchisees to operate as 4Ever Young locations.

27. 4Ever Franchisor is registered with the Wisconsin Department of Financial Institutions to sell franchises in the state, but upon information and belief, no 4Ever Young location has ever opened and operated in the state.

28. 4Ever Marketing and IP is the owner of 4Ever Young marks which, upon information and belief, are licensed either directly to 4Ever Young franchisees or sublicensed through 4Ever Marketing and IP's affiliate, 4Ever Franchisor.

29. 4Ever Marketing and IP owns U.S. trademark Registration No. 6026433 for 4EVER YOUNG for "Medical clinic providing weight loss solutions, services and programs, diet and nutrition counseling, hcg diets, hormone therapy, including, men's and women's testosterone therapy, bioidentical hormone replacement, anti-aging therapy, and natural hormone therapy, medical aesthetic procedures, including, laser peels, botulinum toxin treatments, microdermabrasion, cellulite treatments, intravenous vitamin therapy, body contouring treatments, injectable filler treatments, facials, and skin care," in Class 44 (the "'433 Registration").

30. The '433 Registration claims July 1, 2014, as the first date of use in commerce of 4EVER YOUNG in connection with the services identified in the '433 Registration.

31. The U.S. Trademark Office issued the '433 Registration on April 7, 2020.

32. A true and correct copy of the United States Patent and Trademark Office ("USPTO") status report and registration certificate for the '433 Registration is attached as **Exhibit A**.

33. The '433 Registration is not incontestable.

34. 4Ever Marketing and IP owns pending U.S. trademark application Serial No. 98464398 for 4EVERYOUNG ANTI AGING SOLUTIONS 4 & Design (shown below, the "4EverYoung Design") for "online retail store services featuring nutritional supplements, dietary supplements, vitamin and mineral supplements and herbal supplements," in Class 35 and "medical clinic providing weight loss solutions, services and programs, diet and nutrition counseling, nutrition counseling in the field of the human chorionic gonadotropin (hcg) diet, hormone therapy, including, men's and women's testosterone therapy, bioidentical hormone replacement, anti-aging therapy, and natural hormone therapy, medical aesthetic procedures, including, laser peels, botulinum toxin treatments, microdermabrasion, cellulite treatments, intravenous vitamin therapy, body contouring treatments, injectable filler treatments, facials, and skin care," in Class 44 (the "4EverYoung Design Services") (the "'398 Application").



35. A true and correct copy of the application of the '398 Application is attached as **Exhibit B**.

36. On information and belief, each of the Defendants 4Ever Marketing and IP, 4Ever Franchisor, Gulu & Wash, and Duywashman are involved in the use of the 4EVER YOUNG trademark and the 4EverYoung Design.

37. On information and belief, each of the Defendants 4Ever Marketing and IP, 4Ever Franchisor, Gulu & Wash, and Duywashman are also involved in the use of 4Ever Young as a trade name.

38. Plaintiff has not authorized Defendants to use the FOREVER YOUNG trademark in any way.

39. In January 2025, Plaintiff discovered that Defendants were using the name 4Ever Young and the 4EverYoung Design in the promotion of new locations of the 4Ever Young business at 20400 West Bluemound Road in Brookfield, Wisconsin, and in Hartland and Menomonee Falls, Wisconsin.

40. On or about January 27, 2025, Plaintiff was alerted to Defendants' use of the name 4Ever Young and the 4EverYoung Design in advertising on Facebook (Figure 1 below) and Instagram (Figure 2 below) social media that a 4Ever Young business would be opening soon at 20400 West Bluemound Road in Brookfield, Wisconsin.




Figure 2

Figure 1

41. As of February 24, 2025, Defendants are using the name 4Ever Young and the 4EverYoung Design in the promotion of the forthcoming Wisconsin locations of 4Ever Young businesses. The Brookfield page of the 4Ever Young Website says that 4Ever Young Brookfield is "Coming Soon," and the 4Ever Young Website provides a contact form so that visitors can "sign up today to stay updated on our progress and be the first to know about exclusive pre-opening specials." A true and correct copy of the homepage and Wisconsin location pages of the 4Ever Young Website, as they appeared on February 24, 2025, is attached hereto as **Exhibit C**.

42. The 4Ever Young Website displays a map showing additional forthcoming locations in or near Hartland, Wisconsin and Menomonee Falls, Wisconsin. The 4Ever Young Website identifies these locations as "4Ever Lake Country" and "4Ever Young Menomonee" and also describes those locations as "Coming Soon."

43. The location that Defendants are promoting on the 4Ever Young Website and in social media postings located in Brookfield, Wisconsin at 20400 West Bluemound Road, is on

9

the same road as, and less than five miles from, Plaintiff's principal place of business, located at 12868 W. Bluemound Road, Elm Grove, Wisconsin 53122.

44. The locations in Hartland and Menomonee Falls that Defendants are promoting on the 4Ever Young Website are also within a short drive of Plaintiff's principal place of business and within Plaintiff's Market.

45. In at least two instances, a Forever Young client has expressed actual confusion as to the source of Defendants' services and the relationship or affiliation between Forever Young and Defendant's 4Ever Young location in Brookfield.

46. In at least one other instance, a sales representative that has worked closely with Forever Young client has expressed actual confusion as to the source of Defendants' services and the relationship or affiliation between Forever Young and Defendant's 4Ever Young location in Brookfield.

47. Upon information and belief, Defendants have used, and continue to use, the name 4Ever Young and the 4EverYoung Design in interstate commerce.

## COUNT I – AS TO ALL DEFENDANTS
**(Trademark Infringement – Lanham Act, 15 U.S.C. §1125(a))**

48. Plaintiff re-alleges and incorporates by reference Paragraph Nos. 1-47 as if fully set forth herein.

49. Plaintiff owns a protectable interest and common law trademark rights in the FOREVER YOUNG trademark in Plaintiff's Market.

50. Plaintiff's common law trademark rights in and to the FOREVER YOUNG trademark were established at least as early as 2011.

10

51. On information and belief, Defendants have used, and continue to use, the terms 4EVER YOUNG and 4EVER YOUNG ANTI-AGING SOLUTIONS, and the 4Ever Young Design, in interstate commerce.

52. Defendants' use of the terms 4EVER YOUNG, 4EVER YOUNG-ANTI AGING SOLUTIONS, and the 4EverYoung Design in Plaintiff's Market to identify the 4Ever Young Services is likely to cause confusion among consumers concerning the origin of those services. More specifically, consumers viewing the confusingly similar 4EVER YOUNG and 4EVER YOUNG ANTI-AGING SOLUTIONS marks, and the 4EverYoung Design, will likely be misled into assuming the 4EverYoung Services are associated with or approved by the source of Plaintiff's Forever Young services, which are identified by the FOREVER YOUNG trademark.

53. Defendants' use of terms confusingly similar to Plaintiff's FOREVER YOUNG trademark in Plaintiff's Market has resulted in actual confusion with at least two of Plaintiff's clients and a sales representative.

54. The 4EVERYOUNG trademark is nearly identical to Plaintiff's FOREVER YOUNG trademark. Both marks contain the word "EVER", followed by "YOUNG", and both marks convey a meaning of "always" or "eternally" young.

55. Both marks have the same pronunciation and are aurally indistinguishable when spoken aloud.

56. Defendants' use of the 4EVER YOUNG trademark in combination with the word "ANTI-AGING" is also confusingly similar to Plaintiff's use of its FOREVER YOUNG trademark in its name, Forever Young Anti-Aging and Weight Loss Center. The addition of the word "Anti-Aging" by both parties exacerbates the likelihood of confusion in Plaintiff's Market because both uses describe identical services next to the confusingly similar trademarks.

57. Both Plaintiff and Defendants offer injectables and other dermal fillers to address skin concerns, microneedling, non-surgical services for face, chin, and neck concerns, chemical peels to address skincare concerns, hormone therapies, hormone replacement therapies, medical weight loss therapies, and semaglutide treatments for weight loss.

58. On information and belief, Defendants advertise 4Ever Young's services online through their website and markets 4Ever Young to customers located in Plaintiff's Market.

59. On information and belief, the three new locations of Defendants identified in this complaint target the same consumers for the same services in Plaintiff's Market.

60. Plaintiff has not authorized or granted a license to Defendants to use the 4Ever Young trademark in any manner in Plaintiff's Market.

61. Through its use of 4EVER YOUNG, 4EVER YOUNG ANTI-AGING SOLUTIONS, and the 4EverYoung Design, the Defendants are infringing Plaintiff's trademark rights in the FOREVER YOUNG trademark under 15 U.S.C. §§ 1125 and common law and will continue to do so unless enjoined by this Court.

62. Defendants' infringement of the FOREVER YOUNG trademark is knowing, intentional, and willful.

63. Plaintiff has been damaged, and will continue to be damaged, by Defendants' use of the 4EVER YOUNG, 4EVER YOUNG ANTI-AGING SOLUTIONS, and the 4EverYoung Design trademarks in Plaintiff's Market. In particular, Plaintiff will suffer harm to its goodwill and is likely to suffer monetary damages if Defendants are allowed to continue using the 4EVER YOUNG trademark, 4EVER YOUNG ANTI-AGING SOLUTIONS trademark, 4EverYoung Design trademark and 4Ever Young trade name in Plaintiff's Market.

12

## COUNT II – AS TO ALL DEFENDANTS
### (Common Law Unfair Competition)

64. Plaintiff re-alleges and incorporates by reference Paragraph Nos. 1-63 as if fully set forth herein.

65. The FOREVER YOUNG trademark is a protectable trademark.

66. On information and belief, Plaintiff's use of the FOREVER YOUNG trademark in Plaintiff's Market in connection with the Forever Young Services predates Defendants' use of the 4EVER YOUNG, 4EVER YOUNG ANTI-AGING SOLUTIONS, and the 4EverYoung Design trademarks and 4Ever Young trade name.

67. Upon information and belief, the Defendants doing business as 4Ever Young are presently using the 4EVER YOUNG, 4EVER YOUNG ANTI-AGING SOLUTIONS, and 4EverYoung Design trademarks and 4Ever Young trade name in interstate commerce, including in Plaintiff's Market, in connection with the sale, offer for sale, and advertising of services that compete with Plaintiff.

68. Defendants' 4EVER YOUNG, 4EVER YOUNG ANTI AGING SOLUTIONS, and 4EverYoung Design trademarks and 4Ever Young trade name are highly similar to Plaintiff's FOREVER YOUNG trademark.

69. Defendants' use of the 4EVER YOUNG, 4EVER YOUNG ANTI-AGING SOLUTIONS, and 4EverYoung Design trademarks and 4Ever Young trade name in Plaintiff's Market is likely to cause confusion, mistake, or deception as to whether the services emanate from, are sponsored by, or are otherwise approved by Plaintiff.

70. Defendants' use of terms confusingly similar to Plaintiff's FOREVER YOUNG trademark in Plaintiff's Market has caused actual confusion, with at least one of Plaintiff's client and sales representative.

71. Defendants' actions have caused financial and reputational harm to Plaintiff in an amount to be determined at trial, and will continue to cause substantial and irreparable harm to Plaintiff and the public unless Defendants are enjoined by the Court.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all matters and issues triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE Forever Young respectfully requests that this Court grant the following relief:

1. That the Court grant judgment in favor of Forever Young and against Defendants on each of Forever Young's claims;

2. That the Court preliminarily and permanently enjoin and restrain Defendants, their employees, agents and representatives, and all persons acting in concert or in participation with them, including any affiliates or franchisees, from using on or in connection with any business, service, or the sale, offering for sale, distribution, advertising, promotion, labeling or packaging of any services or any goods, or from using for any commercial purpose whatsoever in Plaintiff's Market: (1) the FOREVER YOUNG trademark, or any confusingly similar mark; (2) the 4EVER YOUNG, 4EVER YOUNG ANTI-AGING SOLUTIONS, and 4EverYoung Design trademarks, or any confusingly similar mark; (3) any other false designation, description, representation, or any other thing calculated or likely to cause confusion or mistake in the public mind or to deceive the public into the belief that 4Ever Young or its products or services are related to, endorsed or sponsored in any way by Forever Young; and (4) any other false description, representation, or any other thing calculated or likely to injure the business

reputation of Forever Young, or to harm or dilute the distinctive quality of Forever Young's protectable trademark and intellectual property rights;

3. That the Court require Defendants to deliver to the Court for destruction or to show proof of said destruction of any and all products, promotional and business materials, and other matter, designed or prepared for use in Plaintiff's Market, in the possession, custody, or control of Defendants or their agents that bear or depict the 4EVER YOUNG trademark, the 4EVER YOUNG ANTI AGING SOLUTIONS trademark, the 4EverYoung Design trademark, or any confusingly similar marks;

4. That the Court enter judgment in favor of Forever Young for actual damages and/or a disgorgement of Defendants' profits, with such monetary relief trebled because of the willful acts described herein in flagrant disregard of Forever Young's known rights, pursuant to 15 U.S.C. § 1117(a);

5. That the Court grant Forever Young its reasonable attorney's fees due to the exceptional nature of this case, pursuant to 15 U.S.C. § 1117;

6. That the Court award Forever Young exemplary or punitive damages against Defendants in an amount sufficient to punish Defendants and to deter similar conduct in the future;

7. That the Court award Forever Young the costs of this action, including expert witness fees, in accordance with applicable law;

8. That the Court award Forever Young prejudgment and post-judgment interest on any monetary award according to the maximum allowable legal rate; and

9. That the Court award Forever Young such other and further relief as this Court may deem just, equitable, and proper.

Dated this 25th day of February, 2025.

        *s/*Guy R. Temple
        Guy Temple
        Wisconsin State Bar ID No. 1086836
        gtemple@reinhartlaw.com
        Daniel E. Kattman
        Wisconsin State Bar ID No. 1030513
        dkattman@reinhartlaw.com
        Heidi R. Thole
        Wisconsin State Bar ID No. 1096439
        hthole@reinhartlaw.com
        Attorneys for Plaintiff
        Reinhart Boerner Van Deuren s.c.
        1000 North Water Street, Suite 1700
        Milwaukee, WI 53202
        Telephone:  414-298-1000
        Facsimile:  414-298-1097